

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00088-CR
### NO. 02-12-00089-CR

AARON JOHN LEWIS JR.                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

### Introduction

Appellant Aaron John Lewis Jr. challenges fines and costs related to his revoked deferred-adjudication community supervision and attendant convictions for aggravated assault with a deadly weapon and burglary of a habitation. We modify the judgments and affirm.

**Background Facts and Procedural History**

In 2010, Appellant negotiated guilty pleas to burglary of a habitation and aggravated assault with a deadly weapon. On September 7 of that year, the trial court admonished Appellant in writing that if it followed the plea-bargain agreement, Appellant would have to obtain the trial court's permission before appealing on any matter in the case, except for matters raised by written motion and filed before trial. The trial court further admonished Appellant that it seldom consents to appeals in cases involving guilty pleas. Page 6 of the trial court's written plea admonishments is entitled "WRITTEN WAIVER OF DEFENDANT-- JOINED BY ATTORNEY." Item "O" on page 7, which Appellant signed, states, "I give up and waive any and all rights of appeal in this case[.]"

Appellant pled guilty, the trial court accepted his pleas, and followed the plea bargains, deferring its findings of guilt and placing Appellant on six years' deferred-adjudication community supervision. The docket sheets indicate that the conditions of community supervision, filed the date of Appellant's guilty plea, were served on Appellant in open court. The conditions of community supervision instruct Appellant to pay "ATTORNEY FEES in the amount of $725.00." The last page of the conditions bears Appellant's signature and fingerprints below a line that reads, "I have received my conditions of community supervision."

The trial court signed the orders of deferred adjudication on September 15, 2010. The order in the aggravated-assault case, cause 1201632D, includes the following "special findings or orders:"

> FINE IN THE AMOUNT OF $600.00, ATTORNEY FEES IN THE AMOUNT OF $725.00, AND COURT COSTS IN THE AMOUNT OF $274.00, PAYABLE TO AND THROUGH THE CRIMINAL DISTRICT CLERK'S OFFICE OF TARRANT COUNTY, TEXAS

Similarly, in the burglary case, cause 1201653D, the deferred-adjudication order includes the following "special findings or orders:"

> FINE IN THE AMOUNT OF $600.00, AND COURT COSTS IN THE AMOUNT OF $274.00, PAYABLE TO AND THROUGH THE CRIMINAL DISTRICT CLERK'S OFFICE OF TARRANT COUNTY, TEXAS

The trial court certified that both cases involved plea bargains and that Appellant had no right of appeal. Appellant did not file a notice of appeal from either of the deferred-adjudication orders.

In 2012, the State petitioned the trial court to adjudicate Appellant's guilt and revoke his community supervision, alleging that he had violated several of its conditions. At a hearing on the State's petition, Appellant pled "true" to eight of the State's allegations. The trial court adjudicated Appellant's guilt for both offenses, revoked his community supervision, and sentenced him to ten years' confinement in each case, to run concurrently.

The trial court's written judgment adjudicating Appellant's guilt in the aggravated assault case includes the following "special findings or orders:"

3

REPARATIONS IN THE AMOUNT OF $2,306.00.

. . . .

APPOINTED ATTORNEY FEES IN THE AMOUNT OF $1,725.00 PAYABLE TO AND THROUGH THE DISTRICT CLERK'S OFFICE OF TARRANT COUNTY, TX ORDERED AS A CONDITION OF PAROLE UNDER ARTICLE 26.05(g) T.C.C.P.

The clerk's record includes a balance sheet evidently prepared by the community-supervision department that breaks down the $2,306.00 listed as reparations into the following four items: (1) "FINES [$]561.00," (2) "DUE TO CSCD $20.00," (3) "ATTY FEES 1 [$]725.00," and (4) "ATTY FEES 2 [$]1,000.00," for a total amount of "[$]2,306.00."

The judgment adjudicating guilt in the burglary case likewise recites as a "special finding or order" "REPARATIONS IN THE AMOUNT OF $1,607.00." It, too, is accompanied in the clerk's record by a balance sheet evidently prepared by the community-supervision department itemizing this amount into: (1) "FINES [$]600.00," (2) "DUE TO CSCD $150.00," and (3) "PROBATION FEES $920.00," for a total of "[$]1,670.00."

After revoking Appellant's community supervision and adjudicating his guilt in the two cases, the trial court certified that Appellant had the right to appeal the judgments adjudicating guilt. *See* Tex. R. App. P. 25.2(d). Appellant exercised that right and presents five issues on appeal.

4

## Issue 1⸺Attorney Fees in the Aggravated-Assault Case

In his first issue, Appellant contends that the trial court erred by ordering him to repay court-appointed-attorney fees in the aggravated-assault case. He asserts that the recitation in the judgment adjudicating guilt that ordered the repayment is erroneous in two ways: (1) the clause ordering repayment "AS A CONDITION OF PAROLE UNDER ARTICLE 26.05(g) T.C.C.P." is incorrect because article 26.05(g) does not grant trial courts authority to affect the conditions of parole; and (2) nothing in the record shows that Appellant⸺whom the trial court had determined was indigent⸺was able to pay for any of his court-appointed attorney's legal services.

While the first argument may not dispose of Appellant's main issue, it is well taken. Article 26.05 of the code of criminal procedure is entitled "**Compensation of Counsel Appointed to Defend**." Subsection (g) provides the following:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2013). Although the statute's express language grants trial courts authority to order repayment of costs incurred for legal services, it does not grant them any authority to affect conditions of parole. We therefore sustain part of Appellant's first issue and

5

strike from the judgment in cause 1201632D the clause "ORDERED AS A CONDITION OF PAROLE UNDER ARTICLE 26.05(g) T.C.C.P."

The crux of Appellant's first issue remains, however: that is, whether the trial court properly ordered repayment of attorney fees in the first place. Both Appellant and the State correctly point out that once a trial court makes a finding that a defendant is indigent, absent evidence of a substantial change in the defendant's financial circumstances, the defendant is presumed to remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2013); *Wiley v. State*, No. PD-1728-12, 2013 WL 5337093, at *2 (Tex. Crim. App. Sept. 25, 2013); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). Appellant argues that because the trial court found him indigent not just once, but thrice—with no evidence in the record that his circumstances had improved since the last finding—the presumption stands.

The State agrees that attorney fees ordered *after* the trial court adjudicated Appellant's guilt should be deleted because there is no evidence in the record that Appellant could pay them. Those fees amount to $1,000.00.[1] Accordingly,

_____

[1]The parties agree that the trial court ordered Appellant to pay $725.00 in attorney fees at the time it deferred adjudication and placed him on community supervision. They both refer to the amount the trial court ordered Appellant to pay when it adjudicated his guilt and revoked his community supervision as an additional "$1,100.00" and they agree that this "$1,100.00" should be deleted. After comparing the deferred-adjudication order against the judgment adjudicating guilt, however, we conclude that the parties have overstated the amount by $100.00. This overstatement appears to originate from a comma mistaken for a "1" on a balance sheet supplied by the probation department. The former is followed by three zeroes, not two, before the decimal point, as it would

6

we sustain part of Appellant's first issue and modify the judgment to reflect a reduction of $1,000.00 from the amount originally ordered repaid as appointed attorney fees.

The State maintains, however, that Appellant is still liable for $725.00—the amount the trial court assessed at the time it originally ordered deferred adjudication—because Appellant forfeited his right to complain about any attorney fees incurred up to that point. The State argues that although the trial court found Appellant indigent at the time—and, presumptively, he still is— Appellant should have objected to the imposition of these fees when they were imposed. Because he did not, the State asserts, he has forfeited his right to complain about those fees on appeal.

The State relies on *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1088 (2000), in which the court of criminal appeals held that a probationer who does not object to a condition of community supervision at the time it is imposed forfeits any complaint about that condition on appeal. The State also cites a couple of unpublished court of appeals cases— one from our sister court in Waco and one from ours—that applied *Speth* to attorney fees imposed as conditions of community supervision. *See Price v. State*, No. 10-10-00303-CR, 2012 WL 1435168, at *2 (Tex. App.—Waco Apr. 25,

have to be if the amount was $1,100.00. In any case, the deferred-adjudication order assesses $725.00 in attorney fees, and the judgment assesses $1,725.00. The difference between those two is $1000.00, not $1,100.00.

7

2012, no pet.) (mem. op., not designated for publication); *Jackson v. State*, No. 02-09-00258-CR, 2010 WL 5186811, at *5 (Tex. App.—Fort Worth Dec. 23, 2010, no pet.) (mem. op., not designated for publication).

We agree with the State that Appellant has forfeited his claim related to the attorney fees that the trial court's deferred-adjudication orders instructed him to repay. But an opinion issued by the court of criminal appeals after the State filed its brief in this case precludes us from endorsing the State's position that the reason Appellant forfeited his complaint is because he failed to object to a condition of his community supervision as required by *Speth*.

The courts of appeals had split on the issue of whether a probationer, once found indigent and then ordered to repay attorney fees accruing at the time of the community-supervision order, procedurally defaulted a claim that the evidence was insufficient to support the repayment of those fees by failing to object to the obligation at the time the trial court ordered community supervision. *See Wiley*, 2013 WL 5337093, at *2. Various courts of appeals had held that this kind of sufficiency claim could be forfeited in one or both of two ways. *Id.* at *3. The first would occur when a defendant failed to object to the imposition of attorney fees as a condition of community supervision at the time community supervision was ordered. *Id.*; *Mathis v. State*, 397 S.W.3d 332, 341 (Tex. App.—Dallas 2013, pet. granted); *Reyes v. State*, 324 S.W.3d 865, 867–68 (Tex. App.—Amarillo 2010, no pet.); *Jackson*, 2010 WL 5186811, at *5. The second would occur— whether or not the defendant had objected in the trial court—when he failed to

8

raise a sufficiency claim on appeal immediately following the community supervision order but waited, instead, to raise it for the first time on appeal from a subsequent order revoking community supervision. *See Vargas v. State*, Nos. 05-12-00334-CR, 05-12-00335-CR, 05-12-00336-CR, 2013 WL 3717768, at *2 (Tex. App.—Dallas July 12, 2013, no pet.) (mem. op., not designated for publication); *Wolfe v. State*, 377 S.W.3d 141, 149 (Tex. App.—Amarillo 2012, no pet.) (Campbell, J., concurring & dissenting); *see also Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (holding that defendant placed on deferred-adjudication probation may raise issues relating to original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication is first imposed).

The court of criminal appeals has expressly rejected the first way in favor of the second. In *Wiley v. State*, the trial court assessed $400.00 in attorney fees when it ordered community supervision, and then another $400.00 when it revoked it. *Wiley*, 2013 WL 5337093, at *2. On appeal from the revocation, the Waco Court of Appeals determined that complaints about "the assessment of attorney's fees as a condition of supervision must be raised at the time the condition was imposed." *Id.* Accordingly, it upheld the $400.00 portion of the fees assessed as costs of court-appointed representation during the original plea proceedings. *Id.* While recognizing the split among the courts of appeals as to whether an appellant can raise complaints about attorney fees imposed at the time of community supervision in a later appeal from the revocation of that

community supervision, the Waco court adhered to its reasoning in a prior opinion and held that Wiley had procedurally defaulted his claim by not objecting to the attorney fees when they were initially assessed at sentencing. *Id.*

After granting review, the court of criminal appeals affirmed, holding that the lower court had correctly found procedural default but for the wrong reason. *Id.* at *3. In other words, it held that although the appellant had forfeited his claim that the evidence was insufficient to support the order that he repay attorney fees, he did not do so by failing to preserve it with an objection in the trial court, but rather because he failed to bring the issue in a direct appeal from the order originally imposing community supervision. *Id.*

The court of criminal appeals noted that the record showed that Wiley "was well aware of the existence and the amount of the attorney fees that were imposed for his court appointed representation during the plea proceedings," and that he waived his right to appeal "knowingly with respect to any possible claim that the record did not support the assessment of attorney fees." *Id.* at *5. The court of criminal appeals also pointed out that "[t]he bill of costs was dated the same day as the judgment imposing community supervision and was, by the terms of the judgment itself—as indicated in bold capital letters—attached" to the judgment. *Id.* Further, it noted that "[b]y his signature, the appellant expressly acknowledged having read and understood the conditions of community supervision." *Id.* The court of criminal appeals concluded that Wiley "was aware of the requirement that he pay court costs, including the cost of court appointed

10

attorney fees, even as of the time he signed the judgment" and that "[h]e would therefore have known to challenge the sufficiency of the evidence to support this requirement as of the time of any direct appeal from that judgment." *Id.* Instead of doing so, however, he "waived his right to appeal, though not required to do so by the terms of any negotiation with the State." *Id.*

The court of criminal appeals appears to have based its conclusion that Wiley knowingly waived his claim on the following facts:

- The trial court admonished Wiley that he would not be allowed to appeal without permission if the trial court followed the plea bargain, which it did. *Id.* at *1.

- The written judgment included a sub-heading entitled "Court Costs," and all attorney fees, which included $400.00 for the court-appointed attorney during the plea proceedings, were set out in a bill of costs attached to the judgment. *Id.*

- In a declaration that Wiley signed that appears on the last page of the judgment next to his thumbprint, he acknowledged that "'[t]he terms and conditions set forth in this probation order have been read and explained to me on [the day they were imposed] and I understand them.'" *Id.*

- On that same day, he also executed an express written waiver of appeal. *Id.*

- In open court, when the trial court noted that Wiley and his attorney had signed a waiver of appeal and asked him if that is what he wished to do, Wiley replied, "'Yes, sir.'" *Id.* at *1 n.5.

- Wiley did not pursue an appeal from the order placing him on community supervision between the time it was ordered and the time it was revoked. *Id.* at *1–2.

- The day after revocation, a new bill of costs was printed out that itemized the total court costs. It listed the attorney fees at $800.00,

11

which included the unpaid $400.00 balance for the attorney who had provided representation when the trial court initially ordered community supervision, plus an additional $400.00 for the attorney who represented Wiley during the revocation proceeding. *Id.* at *2.

- Wiley appealed following the trial court's revocation of his community supervision, and complained for the first time that the evidence was insufficient to support the assessment of both sets of attorney fees. *Id.*

- The State conceded that the evidence was insufficient to support the trial court's order that Wiley pay all of the attorney fees. *Id.*

The facts in our case are similar but not identical:

- On September 7, 2010, the trial court admonished Appellant in writing that if it followed a plea-bargain agreement, Appellant would have to obtain the trial court's permission before appealing on any matter in the case, except for matters raised by written motion and filed before trial.

- The trial court further admonished Appellant in writing on that date that it seldom consents to appeals in cases involving guilty pleas.

- On page 6 of the trial court's written plea admonishments is a document entitled "WRITTEN WAIVER OF DEFENDANT--JOINED BY ATTORNEY." Item "O" on the next page, which is signed by Appellant, states, "I give up and waive any and all rights of appeal in this case[.]"

- Appellant pled guilty and the trial court followed the plea-bargain agreement.

- The conditions of Appellant's community supervision, filed the date of the plea, September 7, 2010, and bearing Appellant's signature and fingerprints near a line stating "I have received my conditions of community supervision," instruct Appellant to pay "ATTORNEY FEES in the amount of $725.00."

- The order of deferred adjudication, signed by the trial court on September 15, 2010, eight days after Appellant's plea, includes as a

12

"special finding[ ] or order[ ] . . . ATTORNEY FEES IN THE AMOUNT OF $725.00."

- The trial court certified that the case involved a plea bargain and that Appellant had no right of appeal.

Although one could read the opinion to hold that Wiley forfeited his claim by failing to bring it on direct appeal from the community supervision order, we think the case turns more precisely on Wiley's knowing waiver of the right to appeal than on his failure to bring a claim on direct appeal from a community supervision order.  The court of criminal appeals observed that the record "shows that the appellant was well aware of the existence and the amount of attorney fees that were imposed for his court appointed representation."  *Id.* at *5.  And the court noted that the trial court admonished Wiley "that, should it follow the plea bargain, [he] would not be allowed to appeal without the trial court's permission."  *Id.* at *1; *see* Tex. R. App. P. 25.2(2)(B).  If an appellant is barred from bringing an appeal by rule 25.2(2)(B), in the first place, it makes little sense to say that he forfeits his claim by not bringing it on appeal.

The gist of the court of criminal appeals' holding that Wiley had forfeited his claim for review appears to turn on evidence in the record that he waived his right to appeal and pled guilty knowing the amount of the fees and knowing that he would be required to pay them.  Although these factors may be less stoutly supported in the record in this case than they were in *Wiley*, we think the record before us does show that at the time Appellant was placed on community supervision, he was sufficiently aware of the fees that had accrued and the

13

requirement that he pay them but nonetheless knowingly chose to forego appeal. Regarding the first two factors, by his signature, Appellant acknowledged having received the conditions of his community supervision, which included a requirement that he pay $725.00 in attorney fees. As observed by the court of criminal appeals in *Wiley*, the reimbursement of attorney fees is not imposed *only* as a condition of community supervision; but, on authority of article 26.05(g) of the code of criminal procedure, the judgment independently imposed an obligation to repay attorney fees "as court costs." *See* Tex. Code Crim. Proc. Ann. art. 26.05(g);[2] *Wiley*, 2013 WL 5337093, at *4. Appellant has not claimed that his counsel did not know of this provision; nor has he claimed counsel failed to advise him that before the trial court could require that he offset costs of his court-appointed legal services it had to find that Appellant's financial circumstances had changed since the indigency finding. Had this requirement been a deal-breaker, Appellant could have chosen not to forego his right to appeal and plead guilty. Instead, the record shows that Appellant expressly waived the right to appeal from the order placing him on deferred adjudication.

---

[2]The article provides:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

Tex. Code Crim. Proc. Ann. art. 26.05(g).

14

Because the record shows that Appellant knew at the time he was placed on community supervision that he would be required to repay the $725.00 in attorney fees that had accrued and nonetheless expressly waived his right to appeal, we are constrained by *Wiley* to hold that Appellant has forfeited this part of his claim for review. *See Wiley*, 2013 WL 5337093, at *5. Accordingly, we overrule the remainder of Appellant's first issue.

**Issue 2—Fines in Both Cases**

In his second issue, Appellant contends that the portions of the reparations designated as fines should be deleted from both judgments because the trial court did not orally pronounce any fines when it pronounced sentence in open court. The State agrees. So do we.

Fines are part of a sentence and therefore must be orally pronounced in open court in order to be valid. *Taylor v. State*, 131 S.W.3d 497, 500, 502 (Tex. Crim. App. 2004) (holding that fines pronounced upon deferred adjudication do not survive revocation of community supervision unless orally pronounced). The record shows that the trial court did not orally pronounce a fine in open court in either of Appellant's cases. Nor does either judgment specifically assess a fine on its face. To the contrary, below the space designated for "Fine" on each judgment appear the letters "N/A."

Fines were apparently intended, however, to make up part of the amounts ordered as "reparations." The judgment in cause 1201632D recites as a special condition or order "REPARATIONS IN THE AMOUNT OF $2,306.00." The

15

balance sheet evidently prepared by the community supervision department breaks this amount into four parts, one of which is listed as "FINES [$]561.00." The judgment in cause 1201653D recites as a special condition or order "REPARATIONS IN THE AMOUNT OF $1,670.00." It, too, is accompanied in the clerk's record by a balance sheet evidently prepared by the community supervision department that itemizes this amount into three parts, one of which is listed as "FINES [$]600.00."

But, again, no fine was pronounced by the trial court in open court. Therefore, we sustain Appellant's second issue, and modify the judgments to subtract $561.00 from the amount listed as reparations in cause 1201632D and $600.00 from the amount listed as reparations in cause 1201653D. *See Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd) (modifying judgment to delete fine after trial court revoked probation but failed to orally pronounce fine as part of sentence); *see also Washington v. State*, No. 02-11-00152-CR, 2012 WL 1345743, at *2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication) (same); *Boyd v. State*, No. 02-11-00035-CR, 2012 WL 1345751, at *2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication) (same).

### Issue 3—Community-Supervision Fees in the Burglary Case

One of the conditions of Appellant's community supervision required him to pay $60.00 each month during the probationary term. At the adjudication hearing, Appellant pled true to the State's allegation that he had failed to pay this

16

fee for ten months and he now concedes that he owed $600.00 in probation fees at the time he had his community supervision revoked and was adjudicated. The judgment adjudicating guilt indicates that he owes reparations of $1,670.00. The balance sheet in the clerk's record breaks this amount into three parts. One of those parts, which we consider for purposes of this third issue, lists $920.00 in probation fees.

Appellant contends that the $920.00 figure—and consequently, the $1,670.00 reparation amount listed on the judgment—is high by $320.00. He urges us, then, to modify the judgment to show a reduction by that amount. The State agrees that the judgment should be modified, but by only $300.00, not $320.00. The State asserts that the $20.00 difference is actually properly assessed as a Crime Stoppers Reward Fee, which is authorized by the government code.[3]

When Appellant was originally placed on deferred-adjudication community supervision on September 7, 2010, he was ordered to pay a crime stoppers fee within 30 days of the order. Although the State alleged in its petition to adjudicate that Appellant failed to pay the $60.00 probation fee from March 2011 through December 2011, it did not allege that he failed to pay any $20.00 crime-

---

[3]The government code provides that a defendant "shall pay the following fees and costs under the Code of Criminal Procedure if ordered by the court or otherwise required: . . . payment to a crime stoppers organization as condition of community supervision . . . not to exceed $50[.]" Tex. Gov't Code Ann. § 103.021(6) (West 2013).

stoppers fee. Nor is there any evidence in the record that Appellant failed to pay it: no one testified at the adjudication hearing that Appellant did not pay it, and no evidence of any kind was offered or admitted showing that he did not pay it. Now, the State alleges in its brief that he failed to pay it.

But the State appears to be guessing, as indicated in its response to Appellant's fifth issue regarding a claim against an amount allegedly "due to CSCD," where the State writes, "This fee is *presumably* the $20 crime stopper fee Appellant was ordered to pay as a condition of probation." [Emphasis added.] As Appellant points out, in response to one of his claims the State argues that the crime stoppers fee is part of "probation fees" and in another that it is part of the amount "due to CSCD."

We are not persuaded by these inconsistent arguments, particularly when combined with little or nothing in the record to support the judgment amount. Allegations of probation violations must be proven in the trial court by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The State did not allege in the trial court that Appellant violated the terms of his community supervision by not paying the crime-stoppers fee, the State did not prove he did not pay it, and the trial court did not so find. Accordingly, we hold that the record does not support the judgment's ordering reparations in the amount of $1,670.00. We sustain Appellant's third issue and modify the judgment to strike $320.00 from the stated amount of reparations owed in cause 1201653D.

18

**Issue 4—Court Costs in the Aggravated-Assault Case**

Appellant contends in his fourth issue that the trial court erred at the adjudication hearing by increasing the original amount of court costs Appellant was required to pay by $25.00. When the trial court placed Appellant on deferred-adjudication community supervision, it ordered him to pay $274.00 in court costs but when it adjudicated his guilt, the amount jumped to $299.00. Nothing in the record supports this $25.00 increase and the State admits that it should be struck. Therefore, we sustain Appellant's fourth issue and modify the judgment in cause 1201632D to reflect court costs of $274.00 instead of $299.00. *See Boyd*, 2012 WL 1345751, at *2.

**Issue 5—"Due to CSCD" in Both Causes**

In his fifth issue, Appellant challenges $20.00 listed on the balance sheet in cause 1201632D and $150.00 listed on the balance sheet in cause 1201653D that are identified as a part of reparations "Due to CSCD." We are unable to determine from the record what these figures represent or whether they were included as part of the original conditions of Appellant's community supervision. The State concedes that the $150.00 amount should be deleted but contends that the $20.00 "is presumably the $20[.00] crime stopper fee Appellant was ordered to pay as a condition of probation." As we have stated above in disposing of Appellant's third issue, the record is not clear as to where this amount comes from and we are disinclined to speculate about where the trial court found it. We therefore sustain Appellant's fifth issue and strike from the

reparations ordered in cause 1201632D the $20.00 and from cause 1201653D the $150.00 identified as "Due to CSCD." *See id.*

## Conclusion

### *Cause 1201632D*

We modify the trial court's judgment adjudicating guilt as follows:

- Having overruled in part and sustained in part Appellant's first issue, we subtract $1000.00 from the amount ordered repaid as appointed attorney fees and affirm the trial court's order that Appellant repay attorney fees incurred at the time he was placed on probation in the amount of $725.00, and we strike from the judgment the language indicating that attorney fees are "ORDERED AS A CONDITION OF PAROLE UNDER ARTICLE 26.05 (g)."

- Having sustained Appellant's second issue, we delete from the reparations amount recited in the judgment $561.00 that was identified as a fine.

- Having sustained Appellant's fourth issue, we modify the judgment to reflect court costs of $274.00 instead of $299.00.

- Having sustained Appellant's fifth issue, we strike from the reparations recited in the judgment $20.00 identified as "Due to CSCD."

Accordingly, we modify the judgment to reflect a change in the total amount of reparations owed from $2,306.00 to $725.00. That $725.00 is ordered repaid as appointed attorney fees payable to and through the District Clerk's Office of Tarrant County, Texas. We affirm the judgment in cause 1201632D as modified.

### *Cause 1201653D*

Having sustained Appellant's second, third and fifth issues, we delete from the reparations amount recited in the judgment $600.00 that was identified as a

fine; $320.00 that was identified as probation fees; and $150.00 identified as "Due to CSCD." Accordingly, we modify the judgment to reflect a change in the total amount of reparations owed from $1,670.00 to $600.00, and we affirm the judgment in cause 1201653D as modified.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, MCCOY, and MEIER, JJ.

PUBLISH

DELIVERED: November 21, 2013