

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00055-CR

SCOTT HELM STRANGE                                         APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1229506D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Scott Helm Strange appeals the trial court's judgment ordering payment of $443 in reparations. Because the State presented no evidence supporting the reparations, we modify the judgment by deleting the reparations and affirm it as modified. *See* Tex. R. App. P. 43.2(b).

---

[1]*See* Tex. R. App. P. 47.4.

# I. BACKGROUND FACTS

On October 3, 2011, Appellant pleaded guilty to driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04 (West Supp. 2014). The trial court entered a judgment of conviction, sentenced Appellant to seven years' confinement with a fine, suspended the sentence, and placed Appellant on four years' community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3(a) (West Supp. 2014). Among his community-supervision conditions, Appellant was required to pay $60 a month in supervision fees. On September 12, 2013, the State filed a petition to revoke Appellant's community supervision, alleging he violated the conditions of his community supervision by (1) consuming alcohol, (2) failing to successfully complete his alcohol-treatment program, and (3) violating his curfew. The trial court found the second and third allegations true, revoked Appellant's community supervision, ordered Appellant punished in accordance with the prior judgment, and required him to pay reparations of $443. *See id.* art. 42.03, § 2(b) (West Supp. 2014).

Appellant argues in his first point that the reparations portion of the judgment was in error because it was not supported by the record. In his second point, he asserts that the same provision was in error because there was no evidence Appellant had the ability to pay the reparations.

## II. REPARATIONS

The reparations included in the trial court's judgment consisted of "probation fees" and an amount "due to CSCD." The State did not allege that Appellant owed fees and did not present any evidence demonstrating that any fees were owed. Appellant points to an itemized cost list that shows Appellant did not owe any probation fees. The State concedes that reparations should be deleted from the judgment.

If a trial court revokes the suspension of the imposition of a sentence, it "shall enter the restitution or reparation due and owing on the date of the revocation." *Id.* When sentencing the defendant, the trial court further must pronounce the sentence in the defendant's presence. *Id.* art. 42.03, § 1(a) (West Supp. 2014). The ensuing judgment is "the written declaration and embodiment of that oral pronouncement." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When the oral pronouncement of judgment and written judgment conflict, the oral pronouncement controls. *Id.* at 502.

But only punishments must be orally pronounced. The trial court may include other fees—such as reparations—in the judgment despite not pronouncing them orally in court. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009); *see also Boyd v. State*, No. 02-11-00035-CR, 2012 WL 1345751, at *2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication) (holding unpaid "Supervision Fee" could be added to judgment); *Brown v. State*, No. 2-08-063-CR, 2009 WL 1905231, at *2 (Tex. App.—Fort

Worth July 2, 2009, no pet.) (mem. op., not designated for publication) (holding reparations are not punishment that must be orally pronounced). But to include such fees, the State must supply evidence that the defendant actually owes them. *Lewis v. State*, 423 S.W.3d 451, 460–61 (Tex. App.—Fort Worth 2013, no pet.).

In *Lewis*, the trial court revoked the defendant's community supervision, sentenced him to ten years' confinement, and ordered reparations. *Id.* at 453–54. On appeal, the defendant argued that $320 of the reparation amount should be deleted from the judgment. *Id.* at 460. The State argued only that $300 should be deleted because $20 was a statutorily-mandated Crime Stopper Reward Fee. *Id.* But the State did not allege in its revocation petition or provide proof that the defendant had not paid the crime-stopper fee. *Id.* Finally, the trial court did not find that he had not paid the fee. *Id.* We deleted the crime-stopper fee from the ordered reparations and affirmed the judgment as modified. *Id.* at 460–61.

Here, the State similarly did not allege the nonpayment of the probation or CSCD fees and did not offer any evidence that Appellant was in arrears. Moreover, the record shows that Appellant did not owe probation fees. Because the State did not allege that Appellant violated his community supervision by not paying the fees or other amounts due, because the State did not prove that Appellant had not paid as ordered, and because the trial court did not find that

4

Appellant had not paid as ordered, we hold that the record does not support the reparation amount contained in the judgment.

## III. CONCLUSION

We sustain Appellant's first point and modify the judgment to delete the reparation amount of $443. Because Appellant's first point fully disposes of the appeal, we do not address Appellant's second point. *See* Tex. R. App. P. 47.1. We affirm the trial court's judgment as modified.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 7, 2014