

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00158-CR

Shanetha C. **TATE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR10122
Honorable Ron Rangel, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Patricia O. Alvarez, Justice
               Irene Rios, Justice
               Beth Watkins, Justice

Delivered and Filed: September 25, 2019

AFFIRMED AS MODIFIED

Appellant Shanetha C. Tate was indicted for the offense of aggravated assault with a deadly weapon. Under a plea agreement, Tate pled nolo contendere to the offense. The trial court deferred adjudication and placed Tate on three-years' community supervision, but it did not orally pronounce a fine. However, the written judgment imposed a $1,150.00 fine, and Tate appeals only the fine. The State concedes error and prays that the judgment be modified to remove the fine but affirmed in all other respects. We affirm the trial court's judgment as modified.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 15, 2018, the State filed an amended motion to adjudicate guilt and revoke community supervision alleging Tate violated multiple conditions of her community supervision. At the hearing on the State's amended motion, Tate entered a plea of true to violating Condition No. 1 of the terms of her probation—specifically, committing the offense of theft on January 18, 2018. The trial court found the violation true, adjudicated Tate guilty, and orally pronounced her sentence as ten-years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court did not orally pronounce a fine.

Later, the trial court signed a written judgment that adjudicated Tate's guilt and sentenced her to ten-years' imprisonment and imposed a $1,150.00 fine. Tate timely perfected this appeal.

**EFFECT OF AN ORDER ADJUDICATING GUILT**

Citing *Taylor v. State*, 131 S.W.3d 497 (Tex. Crim. App. 2004), Tate contends the trial court erred when it imposed a fine in its written judgment when it had not imposed a fine in its oral pronouncement of sentence. The State agrees and concedes error.

In *Taylor*, when the trial court originally deferred the defendant's guilt and placed the defendant on deferred adjudication, the trial court orally pronounced a fine at the time of the deferral. *Id*. at 498. The original order deferring the defendant's adjudication of guilt also included a fine. *Id*. at 499. After the State's third motion to adjudicate, the trial court adjudicated the defendant's guilt; the trial court assessed four-years' confinement but did not orally pronounce a fine. *Id*. However, the written judgment adjudicating the defendant's guilt included a fine. *Id*. *Taylor* explained that the imposition of a fine "would be permissible in a case involving regular probation," but the court concluded "the fine must be deleted in this case because of the unique circumstances of deferred adjudication." *Id*. at 498.

[W]hen an accused receives deferred adjudication, no sentence is imposed. Then, when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine. This is in stark contrast to regular probation, where the sentence is imposed but suspended when probation is granted.

*Id.* at 502. Applying the law to the facts, *Taylor* further reasoned as follows:

[T]he order granting Taylor deferred adjudication was set aside. Taylor was not sentenced until his guilt was adjudicated. At that time, the judge did not orally pronounce a fine, but included a fine within the written judgment. When there is a conflict between the two, the oral pronouncement controls. Since the judge did not orally assess a fine as part of Taylor's sentence when guilt was adjudicated, the Court of Appeals was correct to delete the fine from the judgment.

*Id.*

Here, as in *Taylor*, the trial court did not orally pronounce a fine after revoking Tate's deferred adjudication community supervision and adjudicating her guilt. The orally pronounced sentence—without the fine—controls over the written order—which imposed a fine. *See id.*; *Lewis v. State*, 423 S.W.3d 451, 458 (Tex. App.—Fort Worth 2013, pet. ref'd) ("Fines are part of a sentence and therefore must be orally pronounced in open court in order to be valid."). Because the trial court's written judgment erroneously imposes a $1,150.00 fine, we sustain Tate's issue. *See Taylor*, 131 S.W.3d at 502.[1]

Accordingly, we modify the trial court's judgment to delete the imposition of the $1,150.00 fine and affirm the judgment as modified.

Patricia O. Alvarez, Justice

DO NOT PUBLISH

---

[1] *See also Arambula v. State*, No. 04-18-00395-CR, 2018 WL 5928457, at *1 (Tex. App.—San Antonio Nov. 14, 2018, no pet.) (mem. op., not designated for publication) (citing *Taylor* as precedent for modifying the trial court's judgment to delete a fine); *Kaska v. State*, No. 04-15-00742-CR, 2016 WL 4444417, at *3 (Tex. App.—San Antonio Aug. 24, 2016, no pet.) (mem. op., not designated for publication) (same).