

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00373-CR

———————————————

AMBER HANIF RATTANI, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1536101D

---

Before Sudderth, C.J.; Bassel and Wallach, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction

The trial court revoked Appellant Amber Hanif Rattani's community supervision and incorporated into the judgment an order to withdraw funds totaling $1,654.[1] The Community Supervision and Corrections Department "Revocation Restitution/Reparation Balance Sheet" (hereinafter CSCD balance sheet) reflects that the reparations amount owed by Appellant consists of $40 "DUE TO CSCD," $960 in probation fees, a $280 unpaid fine, and $374 in court costs. In two points, Appellant challenges only the assessment of the fine and the sufficiency of the evidence to support the probation fees. Because an unpronounced fine cannot be upheld and because there is no evidence to support $60 of the probation fees, we modify the order to withdraw funds to delete the remaining balance of the fine originally assessed at the deferred-adjudication hearing ($280) and the unsupported portion of the probation fees ($60), leaving $1,314, and affirm the judgment.

---

[1]The last page of the judgment states, "**Furthermore, the following special findings or orders apply: ATTACHMENT A, ORDER TO WITHDRAW FUNDS.**" The record contains two orders to withdraw funds: one that orders the withdrawal of $374 (and presumably includes only court costs), and one that orders the withdrawal of $1,654. Because the latter order is the one that Appellant complains of on appeal, we focus on it.

## II. Background

Because the State "generally agrees" with the statement of facts set forth in Appellant's brief, we set forth that background here with some additions.[2]  As stated in Appellant's brief, she pleaded guilty to the offense of possession of a controlled substance, namely methamphetamine, of 4 grams or more but less than 200 grams, and on June 25, 2018, was placed on deferred-adjudication community supervision for a period of six years.  The order of deferred adjudication ordered Appellant to pay an unsuspended fine of $300.  As part of Appellant's community-supervision conditions, she was required to pay a $60 monthly supervision fee beginning on July 15, 2018.

The State filed an amended second petition to proceed to adjudication, alleging, among other things, that Appellant had failed to pay her probation fees for six months.  Appellant pleaded "true" to each of the allegations in the State's petition. The trial court adjudicated Appellant guilty and sentenced her to three years in prison. The trial court did not orally pronounce a fine when it pronounced judgment.  The judgment itself does not include a fine but incorporates the order to withdraw funds. And as explained above, the $1,654 in the order to withdraw funds includes a $280 unpaid fine and $960 in probation fees.

---

[2]*See, e.g.*, *Burton v. State*, No. 05-08-01609-CR, 2009 WL 4879493, at \*1 (Tex. App.—Dallas Dec. 18, 2009, no pet.) (not designated for publication) (using facts from appellant's brief when the State agreed that "a satisfactory statement of the factual background" had been set out in appellant's brief).

### III. Unpronounced Fine

In her first point, Appellant contends that the $280 fine cannot stand because the trial court did not pronounce it.

As explained above, the record reflects that the trial court assessed a $300 fine when it initially placed Appellant on deferred-adjudication community supervision, but the record also shows that when the trial court revoked her probation, adjudicated her guilt, and sentenced her, it did not orally assess any fine. The fine that Appellant disputes on appeal is not reflected on the face of the judgment but is part of the amount in the order to withdraw funds, which is incorporated into the judgment.

A fine is part of the defendant's punishment and sentence and must be orally pronounced in her presence. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). When a trial court adjudicates guilt, its new order sets aside the previous order deferring adjudication, including any previously imposed fine. *See id.*; *Lewis v. State*, 423 S.W.3d 451, 459 (Tex. App.—Fort Worth 2013, pet. ref'd). And when the judgment and oral pronouncement conflict, the oral pronouncement controls. *See Taylor*, 131 S.W.3d at 502.

Because the trial court did not pronounce a fine at the adjudication hearing, the fine included as part of the reparations in the order to withdraw funds cannot stand. Accordingly, we sustain Appellant's first point as to the remaining unpaid fine ($280)

that was included in the total reflected in the order to withdraw funds.[3]

## IV. Sufficiency of the Evidence to Support Probation Fees

In her second point, Appellant argues that the evidence is insufficient to support the $960 in probation fees that she was ordered to pay. Specifically, Appellant argues that her testimony at the adjudication hearing supports only $360 of the probation fees and that no evidence supports the remaining $600. The State agrees in part, conceding that $60 of the probation fees should be deleted from the order to withdraw funds.

In granting community supervision, a trial court must fix a fee of no more than $60 per month, and if community supervision is later revoked, the trial court "shall enter the restitution due and owing on the date of the revocation." Tex. Code Crim. Proc. Ann. arts. 42A.652(a), 42.03, § 2(b). Thus, unpaid probation fees may be taxed against a defendant as reparations. *See Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd).

Here, the evidence is sufficient to support $900 of the $960 in probation fees ordered as reparations. As set forth above, the trial court placed Appellant on

---

[3]To the extent that Appellant's argument seeks a refund of the $20 that she had paid toward the fine when it was assessed in the order of deferred adjudication, we decline to order such a refund because she has failed to provide any authority showing that is an appropriate remedy. *Cf. Wordlaw v. State*, Nos. 02-14-00286-CR, 02-14-00287-CR, 2015 WL 505231, at *1 (Tex. App.—Fort Worth Feb. 5, 2015, no pet.) (mem. op., not designated for publication) ("Under the facts of this case, we decline to hold that a refund of unproven payments is an appropriate remedy, particularly when [the appellant] has provided no authority to show that a refund is ever appropriate.").

deferred-adjudication community supervision on June 25, 2018, and ordered her to pay a monthly $60 probation fee beginning on July 15, 2018. The trial court revoked Appellant's community supervision and adjudicated her guilt on October 7, 2019. Therefore, Appellant accrued probation fees for fifteen months. According to the CSCD balance sheet, she still owed those fees (15 months x $60 per month, or $900) at the time of her adjudication. The CSCD balance sheet also includes an extra $60.[4] The State concedes that $60 was erroneously included in the total unpaid probation fees.

Appellant, however, argues that she should have been ordered to pay only $360 in probation fees because the State alleged, and she pleaded true, that she had failed to pay her supervision fees only for February through July 2019. We have previously dealt with this same argument:

> [W]e disagree with [the appellant's] contention that, because the State's petition alleged only nine months of missed payments instead of twelve, the amount should be capped at $540. The allegations in the State's petition, which must be proved by a preponderance of the evidence . . . are relevant in determining whether [the appellant's] community supervision should be revoked; however, they do not form the basis of the trial court's imposition of reparations upon revocation. The code of criminal procedure provides that in all revocations of suspended sentences, the trial court "shall enter the restitution or reparation due and owing on the date of the revocation." Tex. Code Crim. Proc. Ann. art. 42.03[,] § 2(b) . . . . Notwithstanding the number of missed payments alleged in the State's petition, the trial court was required to order the payment of all reparations due and owing after [the appellant's] community supervision was revoked. *See id.*; *Strother v. State*, No. 14-12-00599-CR, 2013 WL 4511360, at *3 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, pet. ref'd) (mem. op., not designated for publication)[]

---

[4]The State opines that the extra $60 represents the October 2019 payment that was not due until October 15, 2019, which was eight days after the adjudication hearing.

("The State's omission of an allegation about [appellant's probation fee] arrearage in its petition is no evidence that she was not in arrears, just as the inclusion of other allegations is no evidence of the truth of those allegations.").

*McKinney v. State*, No. 02-12-00479-CR, 2014 WL 1510095, at *2 (Tex. App.—Fort Worth

Apr. 17, 2014, pet. ref'd) (per curiam) (mem. op., not designated for publication).

Accordingly, we agree with the State and conclude that the record supports

$900 of the $960 of probation fees. *See Riojas v. State*, No. 02-18-00026-CR, 2018 WL

3580897, at *2 (Tex. App.—Fort Worth July 26, 2019, no pet.) (mem. op., not

designated for publication) (holding record contained sufficient evidence to support

reparations for probation fees); *McKinney*, 2014 WL 1510095, at *2 (same).  We sustain

Appellant's second point only as to $60 of the probation fees assessed as reparations.

## V.  Conclusion

Having sustained Appellant's first point as it relates to the $280 unpaid fine that

was included in the order to withdraw funds and having sustained Appellant's second

point as to $60 of the probation fees that were included in the order to withdraw

funds, we modify the order to withdraw funds to delete $340, leaving a total of

$1,314, and we affirm the judgment adjudicating guilt.

/s/ Dabney Bassel
Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 23, 2020

7