

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00257-CR
_____

DAVID GARCIA, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1606710D

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

In one issue, Appellant David Garcia claims that the record does not support the trial court's imposition of a reparations charge of $2,285 and its subsequent inclusion in an order to withdraw inmate trust funds. He also asserts that the judgment wrongly states that he pleaded "true" to the allegations contained in the State's petition to proceed to adjudication. The State agrees, conceding both arguments. We affirm the judgment as modified.

Garcia pleaded guilty to aggravated assault with a deadly weapon. In accordance with a plea agreement, the trial court placed him on six years' deferred-adjudication community supervision. The State later petitioned to proceed to adjudication, alleging several violations of Garcia's community-supervision terms. Garcia stood mute on the allegations, and the trial court entered pleas of "not true" on his behalf. The trial court found several of the violations to be true, adjudicated Garcia guilty, and sentenced him to twenty years in prison. No fine was imposed, attorney's fees were waived, and his court costs were credited to his time served. The trial court, however, imposed a reparations fee of $2,285.

On appeal, Garcia alleges that he has been erroneously overcharged $120 in the court's bill of costs and withholding order. When a defendant is assessed costs, an appellate court reviews that assessment to determine if there was a basis for the cost—in other words, whether something in the record explains the fees. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014); *Lewis v. State*, 423 S.W.3d 451,

460–61 (Tex. App.—Fort Worth 2013, pet. ref'd). Here, Garcia apparently did not pay community-supervision fees for 33 months preceding the adjudication of guilt. At $60 per month, this adds up to $1,980. The balance sheet in the record, however, affixes the unpaid supervision fees at $2,100.

We agree with both Garcia and the State that the record does not support the imposition of the extra $120 on Garcia and should be deleted. We therefore modify the judgment to reflect that Garcia owes reparations in the amount of $2,165 and not $2,285. In addition, the Order to Withdraw Funds should also be modified to reflect a charge of $2,165. *See Sanders v. State*, No. 02-19-00029-CR, 2019 WL 4010358, at *3 (Tex. App.—Fort Worth Aug. 26, 2019, no pet.) (mem. op., not designated for publication) (modifying judgment to delete $60 from total reparations amount where record did not support that cost).

Garcia also points out that the trial court's judgment erroneously reflects that he pleaded "true" to the State's petition to adjudicate. Again, the State agrees. When asked for a plea at his adjudication hearing, Garcia stood mute. The trial court entered pleas of "not true" on Garcia's behalf. Accordingly, we modify the judgment to reflect a plea of "not true." *See Arent v. State*, No. 02-20-00023-CR, 2020 WL 6326151, at *1–2 (Tex. App.—Fort Worth Oct. 29, 2020, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect plea of "not true" entered on the record).

We affirm the trial court's judgment as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 10, 2023