

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00098-CR
No. 02-23-00099-CR

———————————————————

STEVEN COKE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court Nos. 1533556D, 1637319D

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

Steven Coke appeals from the trial court's judgment adjudicating him guilty and sentencing him to five years in prison for assault by impeding the normal breathing or circulation of a family or household member or a person with whom he was in a dating relationship. Coke asserts on appeal that the trial court erroneously assessed a fine that was not orally pronounced at the adjudication hearing. We sustain Coke's sole issue, modify the judgment in case number 1637319D, and affirm that judgment as modified. We affirm the judgment in case number 1533556D unchanged.

## I. Background

Coke was indicted in case number 1533556D and, pursuant to a plea agreement, received three years' deferred adjudication community supervision for assault by impeding the breath or circulation of a person with whom he was in a dating relationship. Two years later, he was indicted in case number 1637319D and, pursuant to a plea agreement, received eight years' deferred adjudication community supervision for assault by impeding the breath or circulation of a member of Coke's family or household or a person with whom he was in a dating relationship. The trial court also extended community supervision by five years in case number 1533556D.

The State subsequently filed petitions to proceed to adjudication in both cases, alleging that Coke had committed several violations of the terms of his community supervision. The trial court held an adjudication hearing, found several of the allegations true based on Coke's unnegotiated pleas of true, adjudicated Coke guilty on

2

both counts, and sentenced him to two concurrent five-year terms in prison. The trial court's oral pronouncement did not include a fine. The trial court's written judgment in case number 1637319D, however, reflects a $799 fine. This appeal followed.

## II. Discussion

In his sole issue, Coke asserts that the $799 fine imposed in the written judgment adjudicating guilt in case number 1637319D should be deleted because the trial court failed to orally pronounce the fine in his presence at the adjudication hearing. The State agrees, as do we.[1]

A defendant's sentence, which includes any fine imposed, must be orally pronounced in his presence. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Lewis v. State*, 423 S.W.3d 451, 459 (Tex. App.—Fort Worth 2013, pet. ref'd). "When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Taylor*, 131 S.W.3d at 500. In the context of deferred adjudication, the defendant is not sentenced unless and until he is adjudicated guilty. *Id.* at 502. Thus, the imposition of a fine in this context occurs only upon oral pronouncement of the fine when the defendant is adjudicated guilty. *Id.* This is true even if the trial court imposed a fine when the defendant was initially placed on deferred adjudication. *Id.* ("[W]hen guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine."); *see*

---

[1]Coke raises no issue with the trial court's judgment in case number 1533556D.

*Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd) (modifying judgment to delete fine after trial court revoked deferred adjudication probation but failed to orally pronounce fine as part of sentence); *see also Garza v. State*, No. 02-20-00155-CR, 2022 WL 488933, at *2 (Tex. App.—Fort Worth Feb. 17, 2022, no pet.) (mem. op., not designated for publication) (same).

The record reflects that the trial court failed to orally pronounce the fine it subsequently imposed in its written judgment adjudicating guilt in case number 1637319D. Accordingly, we sustain Coke's sole issue and delete the $799 fine from the judgment in case number 1637319D.

## III. Conclusion

Having sustained Coke's sole issue, we modify the trial court's judgment in case number 1637319D to delete the $799 fine. We affirm the judgment in case number 1533556D as written, and we affirm the judgment in case number 1637319D as modified. *See* Tex. R. App. P. 43.2(a), (b).

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 22, 2023

4