

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00159-CR

———————————————

ASHLEY MARIE FOWLER, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR15048

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Ashley Marie Fowler appeals from an adjudication of her guilt. Her sole complaint is that the trial court should not have imposed court-appointed attorney's fees as costs. We affirm.

## Background

Fowler was indicted in 2021 for possession of methamphetamine (between four and two hundred grams) and tampering with evidence. In exchange for the State dropping the tampering charge, Fowler pleaded guilty to possession of methamphetamine. Fowler was placed on deferred adjudication probation for seven years and was fined $1,500. The order deferring guilt also contained an order requiring Fowler to pay "Court Appointed Attorney Fees" in the amount of $725. This payment requirement was also included among the list of her probation conditions. Fowler signed this document (combined deferred adjudication order and probation conditions) and waived her appellate rights. Finally, the trial court certified that not only had Fowler waived the right to appeal but that she had no right to appeal because her guilty plea was the result of a plea bargain.

The State filed a motion to adjudicate in 2023. The trial court adjudicated Fowler guilty and sentenced her to fifteen years in prison. The judgment indicated that Fowler owed a total of $1,075.[1]

**Analysis**

Fowler claims that, because she was originally found to be indigent and there was never any change in that status, the trial court was barred from collecting reimbursement for her appointed attorney's fees.

The State responds that Fowler has forfeited her claim that she was unlawfully imposed attorney's fees because she failed to object to them when they were imposed as a condition of probation. We agree that Fowler has forfeited her claim, but for a slightly different reason: Fowler bargained for deferred adjudication, was aware of the reparation amount, and waived her right to appeal.

Normally, a sufficiency challenge to the imposition of attorney's fees need not be preserved at trial. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). However, where a defendant plea bargains for deferred adjudication probation, knowingly and voluntarily waives her right to appeal, and signs a judgment that includes a special finding requiring her to pay attorney's fees, she forfeits any subsequent claim that the trial court's order to repay attorney's fees was improper. *See*

---

[1]According to the District Clerk's bill of costs, Fowler owed $350 in court costs in addition to a required repayment for attorney's fees. The trial court deleted the $1,500 fine that it had previously imposed.

*Lewis v. State*, 423 S.W.3d 451, 458 (Tex. App.—Fort Worth 2013, pet. ref'd); *see also* *Wiley v. State*, 410 S.W.3d 313, 315–16 (Tex. Crim. App. 2013) (holding defendant forfeits his improper-fees claim where he waived his right to appeal and pleaded guilty knowing the amount of fees and knowing he would be required to pay them).

In Fowler's case, the evidence shows that she signed a document indicating that she had no right to appeal and that she affirmatively waived any right to appeal. In addition, Fowler signed what appears to be one continuous document containing both the order of deferred adjudication and a list of the conditions of her probation. Both the order and the conditions made clear that Fowler owed $725 in attorney's fees. Accordingly, because the record reflects that Fowler knew she would be required to repay $725—but still waived her right to appeal—she has forfeited any claim that the imposition of $725 as attorney's fees was improper. *See Lewis*, 423 S.W.3d at 458–59.

Having overruled Fowler's sole issue, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 29, 2024