

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00109-CR

ERIC RAY ADAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28979

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Eric Ray Adams pled guilty to unauthorized use of a motor vehicle. *See* TEX. PENAL CODE ANN. § 31.07. Adams also pled true to the State's habitual, punishment-enhancement allegations. *See* TEX. PENAL CODE ANN. § 12.425. Pursuant to a plea agreement with the State, the trial court sentenced Adams to ten years' imprisonment but suspended the sentence in favor of placing Adams on community supervision for ten years. Both the terms and conditions of Adams's community supervision and the trial court's judgment placing Adams on community supervision required him to pay $350.00 for his court-appointed attorney at the rate of $7.00 per month. Later, when the State alleged that Adams violated several of the terms and conditions of his community supervision, Adams entered a plea of true to the State's allegations. As a result, the trial court revoked Adams's community supervision, sentenced him to nine years' imprisonment, and ordered him to pay the remaining balance of $315.00 in attorney fees.[1]

In his sole point of error on appeal from his revocation, Adams argues that the trial court erred by assessing the remaining balance of $315.00 in attorney fees from his initial plea proceeding even though no attorney fees were assessed for counsel's representation during the revocation proceedings. Because Adams forfeited that complaint, we overrule his sole point of error.

"A criminal defendant does not have a right to community supervision, but it is a matter of contract setting out terms between the trial court and the defendant." *Cochran v. State*, 563 S.W.3d 374, 379 (Tex. App.—Texarkana 2018, no pet.) (citing *Speth v. State*, 6 S.W.3d 530, 534

---

[1]Adams was credited for five monthly payments for attorney fees.

2

(Tex. Crim. App. 1999)); *see Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). "Contractual terms of community supervision are accepted unless objected to when established." *Cochran*, 563 S.W.3d at 379 (citing *Speth*, 6 S.W.3d at 534). "By entering into the contractual relationship without objection, a defendant affirmatively waived any rights encroached upon by the terms of the contract." *Dansby v. State*, 448 S.W.3d 441, 447 (Tex. Crim. App. 2014) (quoting *Speth*, 6 S.W.3d at 534). "[A] defendant who is fairly notified of the conditions of community supervision at a hearing at which he has an opportunity to object forfeits any later complaint about those conditions, as long as those conditions do not involve a systemic right or prohibition." *Id.* (citing *Speth*, 6 S.W.3d at 534–35).

Here, Adams signed the written terms and conditions of his community supervision and agreed to abide by all conditions, including the payment of attorney fees. He further knowingly and voluntarily waived his right to appeal after signing a judgment that included a special finding requiring him to pay $350.00 in attorney fees. Because Adams waited until his community supervision was revoked to complain, he forfeited his claim that the trial court's order to repay attorney fees was improper. *See Lewis v. State*, 423 S.W.3d 451, 458 (Tex. App.—Fort Worth 2013, pet. ref'd); *see also Wiley v. State*, 410 S.W.3d 313, 315–16 (Tex. Crim. App. 2013). Consequently, we overrule Adams's sole point of error.

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     November 12, 2024
Date Decided:     December 5, 2024

Do Not Publish