

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00003-CR

DAIZJION DEVEIL DEMERSON                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1395518D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Daizjion Deveil Demerson appeals from the judgment revoking his community supervision, adjudicating his guilt, and sentencing him to ten years' confinement for burglary of a habitation. Specifically, he argues that a portion of the ordered reparations is not supported by the record and must be deleted. Because we find no basis for a portion of the reparations assessed and

---

[1]*See* Tex. R. App. P. 47.4.

because the trial court did not orally pronounce the assessed fine, we modify the trial court's judgment and incorporated order to withdraw funds to delete those two amounts.  As modified, we affirm the trial court's judgment.

In 2015, Demerson pleaded guilty to burglary of a habitation and pursuant to the terms of his plea-bargain agreement with the State, the trial court deferred adjudicating his guilt and placed him on community supervision for four years.  The trial court also assessed an unsuspended $400 fine, $289 in court costs, and $700 in restitution, which was "to be paid jointly with Co-Defendant."  *See* Tex. Code Crim. Proc. Ann. arts. 42A.301(b)(8), 42A.755(b) (West 2018). Demerson's community-supervision terms required him also to pay $20 as a crime-stoppers fee, to pay $60 each month as a supervision fee, to submit to and pay for drug testing, and to submit to and pay for a "Substance Abuse Test Patch."  *See id.* arts. 42A.301(b)(13), (20), 42A.651, 42A.652 (West 2018).

On November 21, 2017, the State filed a petition to revoke Demerson's community supervision and to adjudicate his guilt of the underlying offense.  The State alleged that Demerson failed to complete a substance-abuse assessment, used marihuana three times in 2015 after being placed on community supervision, twice failed to report to CSCD,[2] failed to pay his monthly supervision

---

[2]"CSCD" is a common initialism for the community-supervision and corrections department.

fee thirty times,[3] and failed to pay the crime-stoppers fee. The State also asked for any sentence to be served consecutively to his sentence for aggravated sexual assault, which he was convicted of on November 17, 2017. *See id.* art. 42.08(a) (West 2018). At the December 20, 2017 hearing on the State's petition allegations, to which Demerson pleaded true, the trial court revoked his community supervision, adjudged him guilty of burglary of a habitation, and sentenced him to ten years' confinement to be served consecutively to his sentence for aggravated sexual assault. *See id.* arts. 42A.108, 42A.110 (West 2018).

In the resulting judgment, the trial court assessed a fine of $188, court costs of $314,[4] restitution of $220, and reparations of $2,225. *See id.* arts. 42.03, § 2(b), 42.037 (West 2018). As shown on the CSCD's balance sheet, the reparations amount was comprised of $1,861 in community-supervision fees and $364 "DUE TO CSCD." The attached and incorporated order to withdraw funds authorized the withdrawal of $2,727 from Demerson's inmate trust account.[5] The

---

[3]The State alleged that Demerson failed to pay the $60 community-supervision fee for each month from June 2015 through November 2017—$1,800.

[4]The trial-court clerk submitted a certified bill of cost, itemizing each charged court cost totaling $314. *See* Tex. Code Crim. Proc. Ann. arts. 103.001(b), 103.006 (West 2018). This bill of cost did not address restitution or reparations, only court costs.

[5]This amount appears to be the result of adding the amounts for reparations (made up of the community-supervision fees and the amount due to CSCD), the fine, and court costs. As Demerson states in his brief, it appears the

3

trial-court clerk submitted an uncertified "List of Fee Breakdowns" that same day, reflecting the following "[r]emaining" fees: $314 in court costs and $188 in fines but "0.00" for community-supervision fees and as "[d]ue to CSCD." The fee-breakdown list noted that Demerson previously had paid $212 as a fine. The next day, CSCD submitted a balance sheet, reflecting that the $2,225 reparations amount was a result of $1,861 owed in community-supervision fees and $364 "DUE TO CSCD." CSCD's balance sheet, largely consistent with the clerk's fee-breakdown list, reflected that Demerson owed a $188 fine, $314 for court costs, and $220 for restitution.

Demerson appeals from the adjudication judgment and argues that $364 must be deleted from the judgment and the order to withdraw funds because there is no record support or authority to support that amount. Although Demerson does not raise an argument directed to the inclusion of the $188 fine in the judgment adjudicating his guilt, we have the authority to reform a judgment to reflect the truth when we have the necessary information to do so. *See* Tex. R. App. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Banks v. State*, 708 S.W.2d 460, 461–62 (Tex. Crim. App. 1986). At the revocation hearing, the trial court did not orally pronounce a fine but assessed a fine in the judgment adjudicating guilt. Although the trial court included an unsuspended fine in the order of deferred adjudication, the judgment adjudicating

$220 for restitution was not included in the order to withdraw funds. The State does not address this discrepancy.

4

guilt set aside the prior deferred order, including the fine. *See Taylor v. State*, 131 S.W.3d 497, 499–500 (Tex. Crim. App. 2004). The trial court's oral pronouncement of sentence controls over its written judgment to the extent they conflict; therefore, the judgment must be modified to delete the $188 fine amount and that amount must also be removed from the incorporated order to withdraw funds from Demerson's inmate trust account. *See id.*; *Mitchell v. State*, No. 02-17-00112-CR, 2017 WL 6759032, at *1 (Tex. App.—Fort Worth Dec. 28, 2017, no pet.) (mem. op., not designated for publication).

Unlike Demerson's fine, the reparations, which were not fine-based, were not part of his sentence and, therefore, were not required to be included in the trial court's oral pronouncement of sentence. *See Bradley v. State*, No. 02-17-00009-CR, 2017 WL 5895350, at *1 (Tex. App.—Fort Worth Nov. 30, 2017, no pet.) (mem. op., not designated for publication); *Brown v. State*, No. 2-08-063-CR, 2009 WL 1905231, at *2 (Tex. App.—Fort Worth July 2, 2009, no pet.) (mem. op., not designated for publication); *cf. Lewis v. State*, 423 S.W.3d 451, 459 (Tex. App.—Fort Worth 2013, pet. ref'd) (deleting reparation amount designated as a fine from judgment because not orally pronounced). Demerson's appellate argument attacks only that portion of the reparations amount that was designated as being due to CSCD—$364.[6] The State argues

_____

[6]Demerson does not challenge the inclusion of $1,861 in the reparations amount, which amount was designated as community-supervision fees. *See generally Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd) (recognizing unpaid community-supervision fees may be included in

that we must look to the sufficiency of the evidence to support a cost or fee assessment, viewing that evidence in the light most favorable to the assessment. To the contrary, the court of criminal appeals has clearly held that we review the assessment of costs "to determine if there is a basis for the cost," not whether the evidence was sufficient to prove each assessed cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).

The State argues that the $364 finds support in the record because the trial court conditioned Demerson's community supervision on his submitting to and paying for drug testing and for a drug patch and the record shows that Demerson "had been drug tested multiple times before his revocation." Other than the State's allegation in its petition to adjudicate and Demerson's plea of true that he "used marihuana" on three occasions during his community-supervision period, there is no evidence that his use of marihuana was detected through an unpaid drug test or drug patch or that he was drug tested multiple times. This is not a basis justifying the $364 in reparations due to CSCD. *Cf. Blackshire v. State*, No. 02-12-00364-CR, 2015 WL 3422498, at *2 (Tex. App.—Fort Worth May 28, 2015, pet. ref'd) (mem. op., not designated for publication) (holding amount "due to CSCD" had justifying basis because defendant was ordered to pay for drug tests; record affirmatively reflected defendant "had been

---

adjudication judgment as reparations); *Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016 WL 742087, at *2 (Tex. App.—Fort Worth Apr. 24, 2016, pet. ref'd) (mem. op., not designated for publication) (same).

6

tested multiple times"; and certified, itemized cost sheet attributable to CSCD was included in clerk's record).

The State next argues that because the trial court ordered Demerson to remit the ordered restitution directly to CSCD, the unpaid restitution is a basis for the $364 due to CSCD. But restitution was a separate entry in CSCD's balance sheet and, therefore, could not be part of the reparations due to CSCD as well. Finally, the State argues that the unpaid $20 crime-stoppers fee is a basis for the $364 in reparations due to CSCD. Demerson pleaded true to the State's allegation that he failed to pay the ordered crime-stoppers fee, which is a basis for this portion of the amount due to CSCD.[7] *See Ayala v. State*, No. 02-17-00385-CR, 2018 WL 2727954, at *1 (Tex. App.—Fort Worth June 7, 2018, no pet. h.) (mem. op., not designated for publication); *cf. Lewis*, 423 S.W.3d at 460 (holding crime-stopper fee could not support amount due to CSCD because record did not show defendant failed to pay fee).

We agree with Demerson that there is no basis to justify the remaining amount alleged due to CSCD—$344. We see no distinguishing facts from this court's precedents in which we have repeatedly held that an amount stated as

---

[7]By referring to the petition allegations, we are not holding that an amount ordered as reparations must be related to an allegation in a revocation petition. It does not have to be. *See McKinney v. State*, No. 02-12-00479-CR, 2014 WL 1510095, at *2 (Tex. App.—Fort Worth Apr. 17, 2014, pet. ref'd) (mem. op., not designated for publication). We point to Demerson's plea of true to this allegation as a basis for the assessment of this cost based on Demerson's cost challenge. *See generally Johnson*, 423 S.W.3d at 396 ("Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient.").

being "due to CSCD" with no further identifying information gives us no basis to determine the authority for the assessment. *See, e.g.*, *Bradley*, 2017 WL 5895350, at *1–2; *Smith v. State*, Nos. 02-16-00412-CR, 02-16-00413-CR, 2017 WL 2276751, at *3 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication); *Sanchez v. State*, No. 02-15-00215-CR, 2016 WL 7405798, at *3–4 (Tex. App.—Fort Worth Dec. 22, 2016, no pet.) (mem. op., not designated for publication); *Lewis*, 423 S.W.3d at 460–61; *accord Thomas v. State*, No. 08-17-00092-CR, 2017 WL 5898963, at *3 (Tex. App.—El Paso Nov. 30, 2017, no pet.) (not designated for publication) (appeal transferred from this court and decided under this court's precedents). The State's arguments in favor of the amount due to CSCD are founded mainly on probabilities and assumptions as to the bases on which the $344 could have been assessed. *See Lewis*, 423 S.W.3d at 461 (declining State's presuming and "guessing" as to bases for amount due to CSCD because "the record is not clear as to where this amount comes from and we are disinclined to speculate about where the trial court found it"). Accordingly, we sustain in part Demerson's sole appellate issue challenging the assessed reparations amount that was listed as "due to CSCD."

Because the trial court did not orally pronounce the fine at the time it revoked Demerson's community supervision, adjudged him guilty of the underlying offense, and sentenced him, the adjudication judgment must be modified to delete it. Similarly, we can find no basis for $344 of the assessed reparations due to CSCD. We modify the trial court's judgment to delete the

8

$188 fine and $344 of the reparations (leaving a total of $1881 for reparations), and we similarly modify the incorporated order to withdraw funds to reduce the authorized withdrawal amount by $532, leaving a total of $2,195.[8]  As modified, we affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(b).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  SUDDERTH, C.J.; GABRIEL and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 26, 2018

---

[8]This amount is the result of $1881 in modified reparations and $314 in court costs, which Demerson does not challenge on appeal.  As we previously explained, the restitution amount was not included in the amount authorized by the order to withdraw funds.