

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00361-CR

———————————————

GEORGE BOYD LAWSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1319199D

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Pursuant to a plea-bargain agreement, George Boyd Lawson pleaded guilty to possession with intent to deliver more than four grams but less than 200 grams of gamma hydroxybutyric acid. *See* Tex. Health & Safety Code Ann. §§ 481.102(9), .112(a), (d). The trial court placed him on three years' deferred-adjudication community supervision. The State later petitioned to proceed to adjudication, ultimately alleging that Lawson committed 14 probation-condition violations. The State waived ten of the violations, and Lawson pleaded "true" to the remaining four. The trial court found that the four violations were true, adjudicated Lawson guilty, and sentenced him to 15 years' confinement. The trial court's judgment adjudicating guilt ordered Lawson to pay $88 in reparations. Lawson has appealed.

Lawson's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, counsel notified Lawson of the withdrawal motion and *Anders* brief and provided him copies of each; took concrete measures to facilitate his review of the appellate record;[1] informed him of his right to review that record and to file a pro se response; and informed him of his pro se right

---

[1]Lawson's appellate counsel provided him with copies of the clerk's and reporter's records.

to seek discretionary review should this court hold that the appeal is frivolous. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court gave Lawson the opportunity to file a response on his own behalf, but he did not do so. The State waived its right to file a responsive brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief and have determined that the trial court's judgment requires modification regarding the assessment of reparations in the amount of $88. We have previously held that when reparations are comparable to fees, and are therefore not punishment and not part of a defendant's sentence, reparations do not have to be included in the trial court's oral pronouncement of sentence to be properly included in the written judgment. *See Brown v. State*, No. 2-08-063-CR, 2009 WL 1905231, at *2 (Tex. App.—Fort Worth July 2, 2009, no pet.) (mem. op., not designated for publication). But we have struck reparations when a balance sheet described them only as "Due to CSCD" because we were unable to determine the authority for the imposition. *See Lewis v. State*, 423 S.W.3d 451, 461 (Tex. App.—Fort Worth 2013, pet. ref'd); *see also Gatewood v. State*,

No. 02-18-00021-CR, 2018 WL 4625780, at *2 (Tex. App.—Fort Worth Sept. 27, 2018, no pet.) (mem. op., not designated for publication); *Smith v. State*, Nos. 02-16-00412-CR, 02-16-00413-CR, 2017 WL 2276751, at *2–3 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication).

Here, a balance sheet in the clerk's record confirms that of the $88 in total reparations Lawson owes, $60 is for "PROBATION FEES" and $28 is "DUE TO CSCD." We are unable to determine the authority for the imposition of the latter. Consistent with our precedent above, we modify the judgment to reduce the amount of reparations Lawson owes by $28 for a total of $60, which must also be reflected in the incorporated order to withdraw funds from Lawson's inmate trust account. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has authority to modify a judgment in an *Anders* appeal); *Gatewood*, 2018 WL 4625780, at *2 (modifying judgment in an *Anders* appeal to delete reparations amount described only as "DUE TO CSCD").

Except for this necessary modification to the judgment and the incorporated order to withdraw funds from Lawson's inmate trust account, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm as

4

modified the trial court's judgment and the order to withdraw funds incorporated therein.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 18, 2019