

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00007-CR

———————————————

CHRISTOPHER ARRON BOECKERS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1534440D

---

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Christopher Arron Boeckers appeals from the trial court's judgment revoking his community supervision, adjudicating his guilt for possession of between one and four grams of methamphetamine, sentencing him to four years' confinement, and ordering him to pay reparations in the amount of $375. *See* Tex. Health & Safety Code Ann. § 481.115(c). Because we are unable to determine the authority for the imposition of the portion of the reparations "DUE TO CSCD," we modify the judgment to delete $15 of the total reparations assessed, and we affirm the judgment as modified.

Pursuant to a charge bargain, Appellant pleaded guilty to the possession offense and the enhancement[1] in exchange for the State's dismissal of cause number 1534591, which involved a DWI offense. The trial court found the enhancement paragraph true, deferred adjudicating Appellant's guilt, and placed him on community supervision for a period of four years. The trial court also ordered Appellant to pay attorney's fees in the amount of $670 and court costs in the amount of $349.

During the period of Appellant's community supervision, the State filed a motion to proceed with an adjudication of guilt. The State alleged that Appellant had violated three conditions of his community supervision: (1) he failed to report at any time during August 2018 as instructed by the trial court or his supervision officer;

---

[1]The indictment included a repeat-offender notice stating that on October 10, 2014, Appellant was convicted of possession of methamphetamine in an amount between one and four grams.

2

(2) he failed to report on or about July 11, 2018; and (3) he failed to report for an assessment on or about July 3, 2018. Appellant pleaded "true" to the first alleged violation and "not true" to the second and third alleged violations. The trial court heard evidence regarding the State's violation allegations, found all three allegations to be true, and adjudicated Appellant guilty of the underlying offense. The trial court sentenced Appellant to four years' confinement. The trial court's judgment adjudicating guilt ordered Appellant to pay $375 in reparations.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Appellant of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Appellant the opportunity to file a response on his own behalf, and he did so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v.*

3

*State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, Appellant's response, and the record and have determined that the trial court's judgment requires modification regarding the assessment of reparations in the amount of $375. We have previously held that when reparations are comparable to fees, and are therefore not punishment and not part of a defendant's sentence, reparations do not have to be included in the trial court's oral pronouncement of sentence to be properly included in the written judgment. *See Brown v. State*, No. 02-08-00063-CR, 2009 WL 1905231, at *2 (Tex. App.—Fort Worth July 2, 2009, no pet.) (mem. op., not designated for publication) (per curiam). But we have struck reparations when a balance sheet described them only as "Due to CSCD" because we were unable to determine the authority for the imposition. *See Lewis v. State*, 423 S.W.3d 451, 461 (Tex. App.—Fort Worth 2013, pet. ref'd); *see also Lawson v. State*, No. 02-18-00361-CR, 2019 WL 3244493, at *2 (Tex. App.—Fort Worth July 18, 2019, no pet.) (mem. op., not designated for publication); *Gatewood v. State*, No. 02-18-00021-CR, 2018 WL 4625780, at *2 (Tex. App.—Fort Worth Sept. 27, 2018, no pet.) (mem. op., not designated for publication) (per curiam).

Here, a balance sheet in the clerk's record confirms that of the $375 in total reparations that Appellant owes, $360 is for "PROBATION FEES" and $15 is "DUE

4

TO CSCD." We are unable to determine the authority for the imposition of the latter. Consistent with our precedent above, we modify the judgment to reduce the amount of reparations Appellant owes by $15 for a total of $360, which must also be reflected in the incorporated order to withdraw funds from Appellant's inmate trust account. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has authority to modify a judgment in an *Anders* appeal); *see also Lawson*, 2019 WL 3244493, at *2 (modifying the judgment and the incorporated order to withdraw funds from appellant's inmate trust account in an *Anders* appeal to delete reparations amount described only as "DUE TO CSCD"); *Gatewood*, 2018 WL 4625780, at *2 (same).

Except for this necessary modification to the judgment and the incorporated order to withdraw funds from Appellant's inmate trust account, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm as modified the trial court's judgment and the order to withdraw funds incorporated therein.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 6, 2020

5