

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00173-CR

_____

OLIVER PERRY HARRIS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1579184

---

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

In 2021, pursuant to a plea agreement, Appellant Oliver Perry Harris pleaded guilty to one count of indecency with a child by contact, and the trial court placed Harris on ten years' deferred adjudication community supervision. In 2024, the State petitioned to proceed to adjudication, alleging that Harris had violated the terms of his community supervision. After a hearing at which Harris pleaded "[n]ot true" to all the State's allegations, the trial court found one of the allegations true, adjudicated Harris guilty, and sentenced him to seven years' confinement.

Harris's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), representing that "no reversible errors are reflected by the available record" and "that the appeal in this case is frivolous and wholly without merit." In compliance with *Kelly v. State*, counsel provided Harris with copies of the brief and motion to withdraw and informed him of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief. *See* 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Harris was given the opportunity to file a pro se response to the

*Anders* brief but filed nothing. We also gave the State an opportunity to file a response to counsel's motion, but it did not file anything either.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief and have determined that the trial court's judgment requires modification regarding the assessment of reparations in the amount of $1,743.00.

We have previously held that when reparations are comparable to fees—and are therefore not punishment and not part of a defendant's sentence—they do not have to be included in the trial court's oral pronouncement of sentence to be properly included in the written judgment. *See Brown v. State*, No. 02-08-00063-CR, 2009 WL 1905231, at *2 (Tex. App.—Fort Worth July 2, 2009, no pet.) (per curiam) (mem. op., not designated for publication). But to include such fees, the State must supply evidence that the defendant actually owes them. *Lewis v. State*, 423 S.W.3d 451, 460–61 (Tex. App.—Fort Worth 2013, no pet.); *see also Romo v. State*, No. 02-23-00197-CR, 2024 WL 1100790, at *2 (Tex. App.—Fort Worth Mar. 14, 2024, no pet.) (mem. op., not designated for publication); *Levine v. State*, No. 02-19-00414-CR, 2020 WL 5414974, at *2 (Tex. App.—Fort Worth Sept. 10, 2020, no pet.) (mem. op., not

designated for publication) (clarifying that although "evidentiary-sufficiency principles do not apply to reparations," they "must . . . have some sort of record support"). Thus, we have struck reparations when we were unable to determine the authority for their imposition. *See Lewis*, 423 S.W.3d at 461; *see also Romo*, 2024 WL 1100790, at *2; *Lawson v. State*, No. 02-18-00361-CR, 2019 WL 3244493, at *2 (Tex. App.—Fort Worth July 18, 2019, no pet.) (mem. op., not designated for publication); *Gatewood v. State*, No. 02-18-00021-CR, 2018 WL 4625780, at *2 (Tex. App.—Fort Worth Sept. 27, 2018, no pet.) (per curiam) (mem. op., not designated for publication).

Here, the trial court's judgment includes a "Special Finding" ordering Harris to pay $1,743.00 in reparations. But the trial court did not orally pronounce these reparations at sentencing, and there is nothing in the record itemizing them or explaining what they are for. Outside of the judgment itself, the only record reference to "reparations" is found in a docket entry dated June 2, 2025—the date of the revocation hearing. In pertinent part, this entry states, consistent with the judgment, "Court cost, fines, reparations and fees-PAYABLE . . . . REPARATIONS IN THE AMOUNT OF $1,743.00 PAYABLE." And, although it does not use the word "reparations," the order to withdraw funds dated June 3, 2025, states that Harris "currently has incurred court fees and costs in the District Court of Tarrant County, Texas, as above entitled and represented in the certified Judgment and Bill of Costs attached hereto in the amount of $1,743.00." But the accompanying judgment and bill of costs, both also dated June 3, 2025, reflect that Harris owes no court costs or

fees,[1] and the record contains no other evidence showing that Harris actually owes any such costs or fees.

On this record, there is nothing that would allow us to determine what portion of the $1,743.00, if any, is for fines—which must be orally pronounced at sentencing—and what portion is merely for fees and costs. *Compare Bradley v. State*, No. 02-17-00009-CR, 2017 WL 5895350, at *1 (Tex. App.—Fort Worth Nov. 30, 2017, no pet.) (mem. op., not designated for publication) (modifying judgment adjudicating guilt to delete fine where trial court did not include fine in its oral pronouncement of sentence at probationer's revocation hearing), *with Brown*, 2009 WL 1905231, at *2 (holding that reparations need not be orally pronounced when they are comparable to fees).

We have the authority to modify a judgment "to make the record speak the truth when the matter has been called to [our] attention by any source." *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Having found no record support for the reparations, we modify the judgment to delete the reparations in the amount of $1,743.00. *See* Tex. R. App. P. 43.2(b); *Romo*, 2024 WL 1100790, at *2. We also delete the $1,743.00 assessment from the order to withdraw funds from Harris's inmate trust account. *See Bradley*, 2017 WL 5895350, at *1 n.2. Except for these necessary modifications, we agree with Harris's appointed counsel that this appeal is

---

[1]Additionally, we note that the judgment also reflects that Harris owes no fines or restitution.

wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal of the judgment. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 16, 2026